Union Realty Company vs. John H. Kiernan et al. } M. P. No. 1509.

June 12, 1933.

JOSLIN, J. This is a petition for relief from the assessment made by the Board of Tax Assessors of the City of Providence as of June 15, 1931, on the estate of the Union Realty Company. The jury sustained the assessment and the matter is now before the Court on the petitioner's motion for a new trial.

On June 22, 1931, the petitioner, by its president, appeared before one of the assessors and made a return under oath of all the ratable estate in Providence owned and possessed by it on the 15th day of June, 1931. The petitioner owned four parcels of real estate, three of which were located in the down town area of the city. The values of the said three parcels only are in question. They were set forth in the return as follows:

|  | Lot 11 | Lot 12 | Lot 71 |
|---|---|---|---|
| Land | $145,000 | $243,000 | $9,000 |
| Building | 25,000 | 45,000 | 7,000 |
| Total | $170,000 | $288,000 | $16,000 |

The assessment was duly made by the assessors on the following valuations:

|  | Lot 11 | Lot 12 | Lot 71 |
|---|---|---|---|
| Land | $180,900 | $303,760 | $10,040 |
| Building | 25,000 | 55,000 | 11,100 |
| Total | $205,900 | $358,760 | $21,140 |

The petitioner and the assessors differ to the extent of $111,800 in the valuations of said three parcels.

In due time the petitioner paid the full amount of the tax under protest and this petition was commenced within the period of six months from the date when the tax payment was due.

The petitioner contends, first, that in its return to the assessors it placed a fair value on the said three parcels, and, secondly, that the assessors overvalued the said three parcels in their assessment. The assessors deny both contentions.

All of the proceedings in relation to the assessment and to the petition for relief therefrom are prescribed and regulated by Chapter 60 of the General Laws 1923, in force in 1931.

Sec. 17 provides:

"If on trial of said petition * * * it shall appear that such person (taxpayer) has wilfully concealed or omitted any property from his account, or *has not placed a fair value thereon*, the assessors shall have judgment * * * ."

There is no evidence of any concealment of property from the account.

The case was submitted to the jury upon either one or two issues, depending on the view the jury took of the evidence. The first issue was: Did the Union Realty Company in the account rendered by it * * * with the tax assessors place a fair value on all the ratable estate owned * * * by it on June 15, 1931? The second issue was: If the first issue is determined in favor of the petitioner, then what was the fair market value of the three parcels in question?

The jury were instructed that if they found for the assessors on the first issue, they should return a verdict in their favor and they were not to proceed with the second issue. The petitioner has no quarrel with this statement of the law.

The jury's verdict was that they do "find that in the account rendered by the Union Realty Company * * * it *did not set a fair value* on all the ratable estate in Providence owned * * * by it on June 15, 1931".

Pursuant to the instructions of the Court in the charge, the jury proceeded no further and we are not concerned with the second issue. The jury's verdict did not decide whether or not there was an excessive assessment. It decided merely that the petitioner had not made a fair return. Was this verdict justified by the evidence?

The assessors are charged by law (Sec's 3-4, Ch. 60) with assessing at the full and fair cash value. This means fair market value. (*Aspgren* vs. *Assessors of Newport*, 125 Atl. 213.) It is undisputed that there is a distinct difference between *fair value* and *fair market value*. The first question the jury had for consideration was the *fair value* of the property. The only direct evidence on this question was given by Mr. Lewis, who signed the return for the petitioner as its president. He explained the means and method employed by him in arriving at his conclusion. He did not attempt. nor was he required, to place fair market value in the return. Nor was he required to be exact in his values. He was required, however, to place in the return values which, in fact, were fair. The statute does not make good faith alone the criterion. Indeed, the petitioner did not at the trial, nor before the Court on this motion, contend for such a criterion. In the opinion of the Court, there is no question of Mr. Lewis' good faith. He was honest in his opinion of the values given by him to the assessors. Whether those values were *in fact* fair values was a matter to be determined from a consideration of all the evidence.

Five experts appeared and gave testimony. The petitioner presented three and the assessors two, including Mr. Toye, one of the assessors. These five experts explained in considerable detail their respective qualifications. The jury had the opportunity of studying them and determining what worth, if any, should be given their opinions. None of the experts gave any testimony as to fair value. Their testimony was as to fair market value.

The facts in regard to each of said three parcels were thoroughly probed; the details of sales in the immediate area during the previous ten years were given; the relationship between said three parcels and the property in the vicinity was analyzed and compared, and the opinions of the experts and their reasons therefor were testified to.

The aggregate of the petitioner's valuations stated in the return was $474,000. The aggregates of the valuations testified to by the petitioner's experts were considerably under that.

The aggregate of the valuations given by John B. Carpenter, the expert called by the assessors, was $549,000, or $75,000 more than the aggregate appearing in the return.

The fact that the petitioner called more experts than the assessors is, of course, no reason for giving the evidence of the former more weight. Mr. Carpenter was engaged, not by the assessors, but by the city. This may have given the jury more confidence in his opinion. Apparently the jury gave more weight to Mr. Carpenter's opinion than to the opinions of the petitioner's experts. If Mr. Carpenter was right, or nearly so, it follows that the others were wrong. From a consideration of all this evidence, weighed in relation to and in connection with the testimony of Mr. Lewis, it was possible to come to a conclusion as to whether, in fact, the figures stated by the petitioner in its return were fair. The case presented a question for the jury. Their finding that said figures were not fair was fully justified by credible evidence. Said finding is approved by the Court.

Undoubtedly the petitioner was over taxed. However, by its failure to state fair values in its return, it is by the stern provisions of said Section 17 precluded from having relief in this proceeding. The petitioner may thereby

suffer an injustice. If so, his relief must be sought in another forum.

During his argument to the jury, counsel for the assessors was charged with misstating Mr. Lewis' testimony, which the petitioner now claims misled the jury. The Court immediately, and also in its charge, cautioned the jury to rely upon their own recollection of the testimony and to disregard misstatements of testimony. We do not believe the jury were misled.

Motion for new trial denied.

For petitioner: Greenough, Lyman & Cross, Harvey S. Reynolds.

For respondent: John C. Mahoney.